Rose M. SMITH, Appellant,

v.

Togo D. WEST, Jr., Acting Secretary of Veterans Affairs, Appellee.

No. 96–1045.

United States Court of Veterans Appeals.

April 8, 1998.

Lawrence W. Muschamp, Fairfield, PA, was on the brief for appellant.

Robert E. Coy, Acting General Counsel; Ron Garvin, Assistant General Counsel; Michael A. Leonard, Deputy Assistant General Counsel; and Andrew J. Waghorn, Washington, DC, were on the brief for appellee.

Before FARLEY, HOLDAWAY, and IVERS, Judges.

FARLEY, Judge:

This is an appeal from a May 21, 1996, decision of the Board of Veterans' Appeals (BVA or Board) which denied entitlement to an effective date earlier than May 13, 1993, for an award of death pension benefits. This appeal is timely and the Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). For the reasons that follow, the Court will affirm the decision of the BVA.

## I. BACKGROUND

The appellant, Rose Smith, is the widow of the veteran, Gerald Smith. The veteran

served in the U.S. Army from October 1952 to October 1954. Record (R.) at 17. He and the appellant were married in July 1957. R. at 22. They separated on a few occasions beginning in 1958 with the final separation in 1960. R. at 36. They were never legally divorced.

In April 1966, the veteran was granted a 100% disability rating for "collagen's disease, suspected, manifested by fever, undetermined origin; encephalitis, mental confusion, organic brain syndrome, skin rash, arthralgia, thrombophlebitis, and speech difficulty." R. at 24. Collagen disease is a disease with widespread pathologic changes in the connective tissues, including thrombotic purpura and rheumatic fever. DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 480 (28th ed.1994). The veteran died in April 1968 from congestion of the lungs, liver, and kidneys as a result of a disease of the central nervous system. R. at 26.

The appellant filed a claim for dependency and indemnity compensation (DIC) in August 1969. R. at 29–32. The VA regional office (RO) requested information from her regarding her separation from the veteran. According to the appellant, the separation occurred because the veteran struck her. R. at 36. She also stated that they had separated because she was afraid she would contract a disease from him (R. at 52, 54) and because of his bizarre sexual behavior (R. at 70). In November 1969, the RO disallowed the appellant's claim because she did not live continuously with the veteran from the date of marriage to the date of the veteran's death, and because she was not without fault in the separation. R. at 44. The adjudication officer noted that the appellant had given birth to a child in 1968 fathered by someone other than the veteran. R. at 42. Pension benefits were granted, however, for the children of the appellant and the veteran. R. at 44. The appellant then filed a Notice of Disagreement (NOD) and a Statement of the Case (SOC) was issued.

The appellant filed a substantive appeal to the BVA in May 1970. In November 1970, the BVA issued a decision denying pension benefits to the appellant. R. at 61–63. The Board noted that even "[a]ssuming the initial

separation was without fault on [the appellant's] part, we cannot ignore the fact that she subsequently gave birth to a child fathered by someone other than the veteran." R. at 63. The Board thus concluded that "[t]he appellant was not without fault in the continuation of the separation between herself and the veteran." *Id.*

The RO declined to reopen the claim in 1976. R. at 76. Following a hearing in January 1978, the appellant's claim was denied again on the basis that the appellant was not without fault for the separation. R. at 106. The claim was also disallowed in March 1980 (R. at 124), April 1985 (R. at 137), December 1985 (R. at 154), and September 1987 (R. at 173, 179). The issue in the 1987 RO decision was certified to the BVA as whether "Mrs. Smith [was] without fault in the continuation of her separation from the veteran." R. at 194. In February 1989, the BVA denied the claim on the basis that she was not without fault for the continuing separation. R. at 207. A claim to reopen was denied by the RO in July 1989. R. at 223.

In November 1993, the appellant requested reconsideration by the RO of the denial of her DIC claim based on this Court's decision in *Gregory v. Brown,* 5 Vet.App. 108 (1993). R. at 237. In *Gregory,* the Court held that the portion of 38 C.F.R. § 3.53(a) (1992) stating that the requirement of continuous cohabitation will be met if the evidence shows that there was no separation due to the fault of the surviving spouse was unlawful. The Court held that the without-fault requirement was not a continuing one: "fault, or the absence of fault, is to be determined based on an analysis of conduct at the time of the separation." *Gregory,* 5 Vet.App. at 112. The appellant's request for reconsideration was treated by the RO as a request to reopen her claim.

In February 1994, the RO reopened the appellant's claim, granted DIC benefits, and assigned an effective date of May 13, 1993, the date of the *Gregory* opinion. R. at 240–41. The appellant then filed an NOD as to the effective date and an SOC was issued. In her substantive appeal, the appellant argued that the initial denial of her claim in

1969 was clearly erroneous. R. at 252. She also argued that she was not at fault for the initial separation in 1960, but that it was the appellant's odd sexual behavior which caused the separation. *Id.*

In the decision on appeal, the BVA treated the appellant's claim as a CUE claim, stating that the appellant "argues that the RO's denial of [the 1969] claim, on the basis that she had been at fault in the separation of her and the veteran, was clearly and unmistakably erroneous because it had been the veteran's strange behavior that had caused their separation in 1960." R. at 9. The BVA found that the 1969 RO decision had been subsumed by the 1970 BVA decision and thus, could not be reviewed for CUE. *See Smith v. Brown*, 35 F.3d 1516 (Fed.Cir.1994). It then cited to a VA General Counsel Opinion for the proposition that 38 U.S.C. § 5110(a), which provides that the effective date for a reopened claim shall not be earlier than the date of the claim, controls the effective date for awards based solely upon precedential decisions of courts of law. R. at 13; *See* VA Gen. Coun. Prec. 10–94 (Apr. 25, 1994) [hereinafter G.C. Prec. 10–94]. The Board, again citing the VA General Counsel Opinion, stated that 38 U.S.C. § 5110(g), which allows for the assignment of an earlier effective date when benefits are awarded "pursuant to any Act or administrative issue," only applied to legislative or administrative issues and not decisions of the Court. R. at 13; *see* G.C. Prec. 10–94. Noting that it was bound by this General Counsel opinion, the BVA concluded that it was unable to identify a basis upon which to grant an effective date earlier than that assigned by the RO. R. at 13–14. This appeal followed.

## II. ANALYSIS

Section 5110(d) of title 38, U.S.Code, provides that "[t]he effective date of an award of death compensation or dependency and indemnity compensation for which application is received within one year from the date of death shall be the first day of the month in which the death occurred." However, for a claim reopened after final adjudication, the effective date "shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor." 38 U.S.C. § 5110(a); *see also* 38 C.F.R. § 3.400. When DIC is awarded "pursuant to any Act or administrative issue, the effective date of such award ... shall be fixed in accordance with the facts found but shall not be earlier than the effective date of the Act or administrative issue." 38 U.S.C. § 5110(g).

In most cases, the determination regarding the proper effective date involves fact finding by the Board and thus our review of the Board's decision is under the deferential "clearly erroneous" standard. *See Stewart v. Brown*, 10 Vet.App. 15, 17 (1997). In the instant case, however, the facts are not in dispute and the Board simply applied 38 U.S.C. 5110(a) in determining the proper effective date. As a result, the Court will review the Board's decision to determine whether it applied the correct statute in determining the appropriate effective date for the appellant's claim. *See* 38 U.S.C. 7261(a)(Court shall hold unlawful and set aside decisions of the BVA found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law").

In its decision, the Board, relying on G.C. Prec. 10–94, seemed to suggest that the RO erred in assigning the effective date as of the date of the Court's precedential decision in *Gregory*, but nevertheless concluded that an effective date earlier than that decision could not be assigned. The BVA is bound by VA General Counsel Precedent Opinions. 38 U.S.C. § 7104(c); 38 C.F.R. § 19.5; *Sutton v. Brown*, 9 Vet.App. 553, 565 (1996). Although the Court is not bound by VA's interpretations, G.C. Prec. 10–94 is the correct interpretation of 38 U.S.C. § 5110(g) and thus the Board correctly applied section 5110(a) in determining the proper effective date. However, the appellant raises other issues which the Court will address.

 The appellant argues that she should receive benefits as of the date she filed her initial claim in 1969. In order to achieve this, the appellant generally would need to show that the 1969 RO decision contained CUE. Section 3.105(a) of title 38, Code of Federal Regulations, provides in pertinent part that "[p]revious determina-

tions which are final and binding . . . will be accepted as correct in the absence of clear and unmistakable error. Where evidence establishes such error, the prior decision will be reversed or amended." *See also* 38 U.S.C. § 5109A (codifying section 3.105(a)). For a claim of CUE to be reasonably raised, the claimant must provide some degree of specificity as to what the alleged error is, and, unless it is the kind of error that, if true, would be CUE on its face, "persuasive reasons must be given as to why the result would have been *manifestly* different but for the alleged error." *Fugo v. Brown*, 6 Vet. App. 40, 44 (1993). However, the appellant specifically stated in her reply brief that she has never raised the issue of CUE. Appellant's Reply Brief at 1. Moreover, that decision cannot be attacked for CUE because it was subsumed by the 1970 BVA decision. *See Smith, supra; but see* 38 U.S.C. § 7111 (providing that Board decisions are now subject to review for CUE).

■ Even assuming that the Court did have jurisdiction over a properly raised CUE claim, there was no CUE in the 1969 RO decision because the decision was based on the law in effect at that time. The appellant argues that the *Gregory* decision interpreted the statutes and regulations pertaining to DIC benefits in the way that Congress and VA had intended and therefore, the DIC benefits should be paid as of the date of the original claim. However, as this Court recently stated in *Berger v. Brown:*

> There simply is nothing in the plain language of the statute, or its implementing regulation, that precluded the RO in 1969 from defining separation as encompassing the entire duration of the separation and not merely the date that the separation began. This is particularly true in light of the facts that were before the RO in 1969. The statute was, and still is for that matter, susceptible of differing interpretations depending, as is true in most cases, on the facts that are to be applied to the law. Certainly this is, at the least, a case where reasonable minds could differ concerning the "correct" interpretation.

10 Vet.App. 166, 170 (1997). The Court also held that "opinions from this Court that for-

mulate new interpretations of the law subsequent to an RO decision cannot be the basis of a valid CUE claim." *Id.* As a result, the appellant cannot obtain an earlier effective date based on CUE in the 1969 RO decision.

■ Rather than specifically arguing for an earlier effective date based on CUE, the appellant contends that the *Gregory* decision must be given full retroactive effect and that she is therefore entitled to an effective date as of the date of her original claim in 1969. She is essentially arguing that the *Gregory* decision removed an ultra vires regulation and thus, the regulation should never have barred the appellant's claim. She relies on *Rivers v. Roadway Express, Inc.*, where the Supreme Court stated that "a judicial construction of a statute is an authoritative statement of what that statute meant before as well as after the decision of the case giving rise to that construction." 511 U.S. 298, 312–13, 114 S.Ct. 1510, 1519, 128 L.Ed.2d 274 (1994). She also cites *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993), in which the Supreme Court held:

> When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases *still open on direct review* and as to all events, regardless of whether such events predate or postdate our announcement of the rule.

*Id.* at 97, 113 S.Ct. at 2517 (emphasis added). The appellant contends that her claim has been open and continuously prosecuted since 1969. She argues therefore that the controlling statute for her claim is 38 U.S.C. § 5110(d), which provides that the effective date of an award of DIC, for which an application is received within one year from the date of death of the veteran, shall be the first day of the month in which the death occurred.

As the Secretary notes in his brief, the appellant relies on broad dicta from the aforementioned Supreme Court cases to support her argument. The cases cited by the appellant involve the issue of whether the judicial construction of a statute should be applied retroactively to the litigants then be-

fore the Court and to litigants in similar pending cases. However, "[n]ew legal principles, even when applied retroactively, do not apply to cases already closed." *Reynoldsville Casket Co. v. Hyde,* 514 U.S. 749, 753, 115 S.Ct. 1745, 1748–49, 131 L.Ed.2d 820 (1995) (citing *U.S. v. Estate of Donnelly,* 397 U.S. 286, 296, 90 S.Ct. 1033, 1039, 25 L.Ed.2d 312 (1970) (Harlan, J. concurring)). The appellant attempted to reopen her claim on numerous occasions since the original denial of her claim in 1969. *See* R. at 76, 106, 124, 137, 173, 179, 223. However, because no new and material evidence was submitted, the claim was neither reopened nor reconsidered. *See* 38 U.S.C. § 5108; *see also Barnett v. Brown,* 83 F.3d 1380, 1384 (Fed.Cir.1996). The claim finally was reopened by the RO in February 1994 based on the Court's decision in *Gregory.* R. at 240–41. The Board, in denying entitlement to an earlier effective date, implicitly and correctly determined that new and material evidence had been submitted. *See Barnett,* 83 F.3d at 1384 (Board is required to determine whether new and material evidence has been presented before it can reopen a claim and adjudicate it on the merits).

Thus, the claim presently on appeal is not a pending claim "still open on direct review" as contemplated in *Harper, supra,* but rather a claim reopened based on the submission of new and material evidence following a final disallowance. Since the appellant's claim was not pending when *Gregory* was decided, the cases relied upon by the appellant are not applicable to this case. The appellant cannot receive an effective date earlier than the date of her application to reopen her claim. *See* 38 U.S.C. § 5110(a) ("the effective date of an award based on ... a claim reopened after *final adjudication* ... shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor." (emphasis added)); *see also Waddell v. Brown,* 5 Vet. App. 454, 456 (1993) (effective date for reopened claim cannot be the date of the original claim).

Despite the appellant's arguments regarding the retroactivity of the Court's decision in *Gregory,* a new interpretation of law need not be applied to a claim finally denied in 1969. The *Gregory* decision was properly applied to the appellant's reopened claim, application for which was received by the RO in November 1993. Thus, the Board correctly denied an effective date earlier than the date of the *Gregory* opinion.

## III. CONCLUSION

Upon consideration of the record, the appellant's briefs, and the Secretary's brief, the Court holds that the appellant has not demonstrated that the Board committed either factual or legal error which would warrant reversal or remand. *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990); *see also Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States,* 899 F.2d 3 (Fed.Cir.1990). Accordingly, the May 21, 1996, decision of the Board of Veterans' Appeals is AFFIRMED.