Dempsey W. TUCKER, Appellant,

v.

Togo D. WEST, Jr., Secretary of
Veterans Affairs, Appellee.

No. 96–1493.

United States Court of Veterans Appeals.

Aug. 13, 1998.

James W. Stewart (non-attorney practitioner), Washington, DC, on brief for appellant.

Robert E. Coy, Acting General Counsel; Ron Garvin, Assistant General Counsel; Adrienne Koerber, Deputy Assistant General Counsel; and Amy S. Gordon, Washington, DC, on brief for appellee.

Before FARLEY, IVERS, and GREENE, Judges.

GREENE, Judge:

The appellant, veteran Dempsey W. Tucker, appeals a September 1996 decision of the Board of Veterans' Appeals (Board) that (1) denied him service connection for impairments secondary to Agent Orange exposure; (2) failed to find clearly and unmistakably erroneous VA regional office (RO) rating decisions of January 1970, November 1970, and May 1973 denying special monthly compensation (SMC) for loss of use of both feet; and (3) denied him an effective date earlier than October 24, 1990, for his entitlement to SMC for loss of use of both lower extremities. On appeal, the appellant limits his arguments to the denial of an effective date earlier than October 24, 1990, for entitlement to SMC. Therefore, the other issues are deemed abandoned. *Bucklinger v. Brown*, 5 Vet.App. 435, 436 (1993). The Secretary requests that the case be remanded for further development of reasons and bases for the Board decision. The appellant urges the Court to reverse the Board's finding. The Court has jurisdiction of the case under 38 U.S.C. § 7252(a). For the reasons that follow, the Court will vacate the decision of the Board and remand the matter.

## I. FACTS

The appellant served in the U.S. Marine Corps from June 1967 to July 1969. While on patrol in Vietnam in 1968, he stepped on an enemy explosive device, causing multiple shrapnel wounds to all extremities and the right eye. Record (R.) at 49. A medical discharge board found him unfit for further duty. R. at 82.

A September 1969 rating decision granted Mr. Tucker service connection for multiple missile wounds of the face and all extremities. R. at 168. In January 1970, the RO determined that he did not qualify for SMC based on permanent loss of use of one or both legs. R. at 191. On November 24, 1970, a rating decision granted the appellant entitlement to a total disability rating based on individual unemployability effective January, 19, 1970. R. at 222. His claim was reopened in May 1980 for, inter alia, SMC. A July 1980 VA medical examination noted that he "has pain in both feet" and "cannot balance without crutches." R. at 283. Also in his diagnosis, the VA physician made the following observation:

> The callus of the hands makes using the crutches difficult, the claimant is bearing weight mainly with his crutches since the right foot is painful to touch the ground and the left foot is limited in motion[,] also painful[,] so that the burden of his weight is carried with his upper extremities and shoulders.

R. at 284. As a result, an October 1980 RO rating decision awarded the appellant 10% disability for the development of calluses secondary to his service-connected leg disability. No decision was made on the reopened SMC claim. R. at 288. Ten years later, on October 24, 1990, the Disabled American Veterans represented the appellant and requested that he be granted SMC based on a long history of loss of use of both legs. R. at 349.

After considering the results of a November 1990 VA examination, the RO determined in February 1991 that the evidence "does not show the existence of no effective function remaining in the veteran's bilateral lower extremities. Entitlement to SMC based on loss of use of both lower extremities was not established." R. at 368. The rating form indicated that the decision was based on evidence received "subsequent to rating action dated 11–30–81." *Id.* However, the November 1981 rating action referred to did not mention any claim for SMC. R. at 310–13. Subsequently, the appellant filed a Notice of Disagreement (NOD). R. at 378. Following

a hearing in July 1991, he was given a VA disability examination specifically to determine whether he had lost the use of both legs. In October 1991, the hearing officer (applying the standard articulated in 38 C.F.R. § 3.350(a)(2)) found that the appellant qualified for SMC as of October 24, 1990. R. at 496.

In January 1992, the appellant requested an earlier effective date for his SMC. R. at 503. VA accepted this request as an NOD and issued a Statement of the Case (SOC). R. at 515–24. The appellant filed an appeal to the Board (R. at 34), and it conducted a personal hearing in January 1993. R. at 590–604. In 1994, the Board remanded the matter to the RO to determine "whether all the prior rating decisions not addressing the issue of entitlement to [SMC] on account of loss of use of both lower extremities were erroneous." R. at 669–70. The RO's subsequent April 1995 decision denied an earlier effective date for SMC. R. at 1153.

In the decision now on appeal, the Board denied the appellant an entitlement date for SMC earlier than October 24, 1990, on the basis that "it had not been shown that there was no effective function remaining in either of the veteran's lower extremities." R. at 22. The "REASONS AND BASES FOR FINDINGS AND CONCLUSION" section of the Board's 1996 decision contained the following description of the appellant's 1980 examination:

> A July 1980 special VA orthopedic examination noted that the veteran walked with the aid of crutches but could not balance without the crutches. The veteran's right foot was carried in inversion with weakness of dorsiflexion; the veteran had pain in both feet. As the veteran walked his weight was mainly borne on the left foot.... Both feet were held in inversion, and could not be everted except to the neutral position. Range of motion of the right and left ankles were 0 to 40 degrees, and 0 to 35 degrees, respectively. There was a loss of 20 degrees of dorsiflexion of each toe, a loss of approximately 25 degrees plantar flexion of the right foot, and a loss of 30 degrees plantar flexion of the left ankle. There were calluses on the right heel and the dorsal aspect of the left foot. The veteran had hypesthesia [impaired or decreased tactile sensibility. WEBSTER'S MEDICAL DESK DICTIONARY 316 (1st ed.1986)] of the entire left foot, the left lateral lower leg, and the lateral aspect of the right foot. In his diagnoses, the examiner noted that the veteran was bearing weight mainly with his crutches since it was painful to touch the right foot to the ground and the left foot was both limited in motion, and also painful; therefore the burden of the veteran's weight was carried with his upper extremities and shoulders.

R. at 21. The Board decision then dismissed this examination by stating, "An October 1980 rating decision failed to address the issue of entitlement to special monthly compensation on the basis of the loss of use of the lower extremities." *Id.* This appeal followed.

## II. APPLICABLE LAW AND ANALYSIS

### A. Special Monthly Compensation

Special monthly compensation is awarded to a veteran based on a wartime disability. The rate of SMC awarded depends upon the severity of the disability. The rating levels of SMC are established in 38 U.S.C. § 1114 and 38 C.F.R. § 3.350 (1997). Section 1114($l$) provides, "if the veteran, as the result of service-connected disability, has suffered the anatomical loss or loss of use of both feet ... or is permanently bedridden or so helpless as to be in need of regular aid and attendance," he is entitled to a special monthly compensation. *See Akles v. Derwinski*, 1 Vet.App. 118, 119 (1991). Loss of use of a foot exists

> when no effective function remains other than that which would be equally well served by an amputation stump ... with use of a suitable prosthetic appliance. The determination will be made on the basis of the actual remaining function, whether the acts of ... balancing, propulsion, etc., could be accomplished equally well by an amputation stump with prosthesis....

38 C.F.R. §§ 3.350(a)(2), 4.63 (1997). Further, the regulation provides the following

additional guidance for determining functional loss:

> Disability of the musculoskeletal system is primarily the inability, due to damage or infection in parts of the system, to perform the normal working movements of the body with normal excursion, strength, speed, coordination and endurance. It is essential that the examination on which ratings are based adequately portray the anatomical damage, and the functional loss, with respect to all these elements. The functional loss may be due to absence of part, or all, of the necessary bones, joints and muscles, or associated structures, or to deformity, adhesions, defective innervation, or other pathology, or it may be due to pain, supported by adequate pathology and evidenced by the visible behavior of the claimant undertaking the motion. Weakness is as important as limitation of motion, and a part which becomes painful on use must be regarded as seriously disabled. A little used part of the musculoskeletal system may be expected to show evidence of disuse, either through atrophy, the condition of the skin, absence of normal callosity or the like.

38 C.F.R. § 4.40 (1997). In deciding each case, the Board is required to apply all appropriate and relevant statutes and regulations. *See Browder v. Derwinski*, 1 Vet.App. 204, 205 (1991).

### B. Effective Date

The appellant asserts in his appeal that he is entitled to an earlier effective date for an award of SMC. Under the applicable statutory and regulatory law, the effective date of an award of disability compensation, based on an original claim, is the day following separation from active service or the date entitlement arose, provided the claim was received by the RO within one year after separation from service. Otherwise, the effective date is the "date of receipt of claim or date entitlement arose, whichever is later." 38 C.F.R. § 3.400(*o*) (1997); *see* 38 U.S.C. § 5110(a).

Under 38 U.S.C. § 5110(b)(2), "[t]he effective date of an award of increased compensation shall be the earliest date as of which it is ascertainable that an increase in disability had occurred, if application is received within one year from such date." There is no dispute that the appellant filed a claim for SMC in 1980 and that, prior to the 1996 Board decision here on appeal, the Board considered the veteran's May 20, 1980, SMC claim to be a pending claim (R. at 25) until its February 1991 decision. No determination was made between 1980 and 1990 of when the appellant's entitlement to SMC arose.

Normally, the determination of an effective date for entitlement for benefits is a finding of fact that the Court reviews under the "clearly erroneous" standard. *See* 38 U.S.C. § 7261(a)(4); *Scott v. Brown*, 7 Vet. App. 184, 188 (1994) (quoting *Quarles v. Derwinski*, 3 Vet.App. 129, 135 (1992)); *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). The Court must set aside a finding of fact as clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gilbert*, 1 Vet.App. at 52 (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). *See also* 38 U.S.C. § 7261(a)(4). The Court may reach that conclusion only if there is no "plausible basis in the record" for the Board findings. *See Quarles* and *Gilbert*, both *supra*.

The Board found that the appellant did not become entitled to SMC before October 24, 1990, and that, therefore, he was not entitled to an earlier effective date. The Board's decision stated:

> With respect to the prospect of according an earlier effective date for the grant of special monthly compensation, evidence submitted contemporaneous with and subsequent to the veteran's May 1980 claim should be summarized. The July 1980 VA examination noted that that [sic] the veteran was able to walk with his crutches, but was unable to balance without their assistance. It was noted that the veteran's weight was placed primarily upon his crutches since it was painful for the veteran to touch his right foot to the ground and the left foot was limited in motion and also painful. By November 1990, however,

VA examination revealed that the veteran's preferred mode of ambulation had continued to be crutches until the middle of 1988, when he began to rely upon the wheelchair. Significantly, in August 1991, the opinion of the VA examiner was that there was enough residual strength, sensation, and balance, that allowed the veteran to ambulate on a limited basis for normal activities of daily living using his adapted shoes, crutches, and wheelchair that *did not warrant amputation* and suitable prosthetic device.

Curiously, in the face of that medical opinion, in October 1991, the RO granted special monthly compensation for loss of the use of the veteran's feet.

R. at 28 (emphasis added). This part of the decision demonstrates the Board's incorrect application of the regulatory standard for determining SMC entitlement, and the Board's continued belief that the veteran did not qualify for entitlement despite the RO's granting SMC in 1991. Indeed, the Board characterized his condition as "improved." *Id.*

■ The relevant inquiry concerning an SMC award is not whether amputation is warranted but whether the appellant has had effective function remaining other than that which would be equally well served by an amputation with use of a suitable prosthetic appliance. *See* 38 C.F.R. § 3.350(a)(2), § 4.63. The Board concluded that because his situation did "not warrant amputation," the appellant was not eligible for SMC. R. at 488. This incorrect application of the standard was error. (The Secretary's Brief concedes to the use of an incorrect standard. Secretary's Brief at 11.) Additionally, in accordance with 38 C.F.R. § 4.40, the Board is required to consider the impact of pain in making its determination, *see Spurgeon v. Brown,* 10 Vet.App. 194, 196 (1997), and articulate how pain on use was factored into its decision, *see DeLuca v. Brown,* 8 Vet.App. 202, 208 (1995). No statements concerning the impact of pain are in this Board decision. Further, because the Board's decision as to entitlement was not in accordance with the law, the determination of effective date is

similarly defective. *See Smith v. West,* 11 Vet.App. 134, 136 (1998).

■ When rendering a decision, the Board also is required to provide a written statement of the reasons or bases for its findings and conclusions on all material issues of fact and law presented on the record; the statement must be adequate to enable a claimant to understand the precise basis for the Board's decision, as well as to facilitate review in this Court. *See* 38 U.S.C. § 7104(d)(1); *Allday v. Brown,* 7 Vet.App. 517, 527 (1995); *Simon v. Derwinski,* 2 Vet. App. 621, 622 (1992); *Gilbert,* 1 Vet.App. at 57 (1990). The Secretary concedes that the current Board decision lacks sufficient reasons or bases for judicial review. The Court agrees. Not only did the Board incorrectly apply the evaluative standards for SMC, but it also failed to articulate sufficient reasons or bases for its conclusions. *See Caluza v. Brown,* 7 Vet.App. 498, 506 (1995), *aff'd per curiam,* 78 F.3d 604 (Fed.Cir.1996) (table); *Gabrielson v. Brown,* 7 Vet.App. 36, 39–40 (1994); *Gilbert, supra.*

■ Here, in determining when SMC arose and denying the appellant an effective date earlier than 1990, the Board did little more than point to forms of locomotion the appellant could use. The Board decision here on appeal notes that "it is clear that the process that had compromised [the appellant's] ability to balance in 1980 had resolved." R. at 29. The decision fails to articulate the evidence, reasons, and bases in support of this conclusion. Where the Board has failed to fulfill its obligation to provide adequate reasons or bases, the Court is precluded from effectively reviewing the adjudication. *Quarles,* 3 Vet.App. at 136. The Secretary also concedes that the Board decision did not rely solely on independent medical evidence in reaching its determinations. Secretary's Brief at 7, 9. *See Colvin v. Derwinski,* 1 Vet.App. 171 (1991); *Leopoldo v. Brown,* 4 Vet.App. 216, 219 (1993) (medical conclusions must be based on independent medical evidence and not the internal medical expertise of the Board members). The Court agrees. The Board erred when it relied on its own medical speculation that the appellant's "[b]alance and propulsion using

his lower extremities were very likely demonstrated in his ambulation...." R. at 29. The Board violated *Colvin* by not citing "medical evidence of record in this case or recognized medical treatises to support these medical conclusions." *Colvin*, 1 Vet.App. at 175. Bare assertions without identifying the underlying factual basis for the conclusion are not sufficient. *Id.*

## C. Remedy

The appellant argues for a reversal because of the Board's failure to properly apply VA law and regulations. Appellant's Brief at 21. However, incorrect application of the law does not necessarily constitute grounds for reversal. *See Johnson v. Brown*, 9 Vet.App. 7, 10 (1996) (reversal is the appropriate remedy when the only permissible view of the evidence is contrary to the Board's decision). Generally, where the Board has incorrectly applied the law, failed to provide an adequate statement of reasons or bases for its determinations, or where the record is otherwise inadequate, a remand is the appropriate remedy. *See generally Hicks v. Brown*, 8 Vet.App. 417, 422 (1995). Accordingly, a remand is necessary; this will permit the Board to make the appropriate required determinations, under the correct legal standards, for the appellant's SMC and the concomitant effective date. The Board shall provide adequate reasons or bases to support its findings. *See* 38 U.S.C. § 7104(d)(1); *Allday, Simon,* and *Gilbert,* all *supra.*

## III. CONCLUSION

Upon consideration of the record, and the pleadings of the parties, the Court holds that the appellant has demonstrated and the Secretary concedes that the Board committed legal error that warrants remand. Accordingly, the Board decision is VACATED and the matter REMANDED to the Board for prompt determination of SMC entitlement and the date such entitlement arose. On remand, the appellant will be free to submit additional evidence and argument, and the Board may seek other evidence it considers necessary to the resolution of the appellant's claim. *See Hardin v. West*, 11 Vet.App. 74, 79 (1998) (citing *Quarles*, 3 Vet.App. at 141). The Board shall proceed expeditiously in accordance with section 302 of the Veteran's Benefits Improvement Act, Pub.L. No. 103-446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" for claims remanded by Board or Court). *See Drosky v. Brown*, 10 Vet.App. 251, 257 (1997); *Allday,* 7 Vet.App. at 533-34.