# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 09-2065

Tyrone A. Andrews, Appellant,

v.

Eric K. Shinseki,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Argued October 25, 2012                                 Decided January 31, 2013)

*Jennifer A. Zajac,* of Oceanside, California, with whom *Linda E. Blauhut*, of Washington, D.C., were on the brief for the appellant.

*Michele R. Katina*, with whom *Will A. Gunn*, General Counsel, *R. Randall Campbell*, Assistant General Counsel, and *Nisha C. Hall,* Deputy Assistant General Counsel, all of Washington, D.C., were on the brief for the appellee.

Before KASOLD, *Chief Judge*, and HAGEL and DAVIS, *Judges*.

DAVIS, *Judge*: U.S. Marine Corps veteran Tyrone A. Andrews appeals through counsel from a May 27, 2009, Board of Veterans' Appeals (Board) decision that was decided 16 years after Mr. Andrews appealed to the Board. That decision denied him an extension of vocational rehabilitation benefits for the pursuit of a bachelor's degree.

This appeal raises concerns regarding two aspects of VA's vocational rehabilitation program: Educational services and employment services. The Court notes that throughout its regulations VA uses various terms referring to "employment assistance" and "employment services." However, because VA uses the term "employment services" in its definitional regulation, *see* 38 C.F.R. § 21.35(j) (2012), that is the term the Court will use for this opinion.

Vocational rehabilitation is a program offered by VA to assist disabled veterans whose service-connected disability or disabilities affect their ability to prepare for, obtain, and retain

employment.[1]  *See generally* 38 U.S.C. ch. 31 (Training and Rehabilitation for Veterans with Service-Connected Disabilities, §§ 3100 to 3122); 38 C.F.R., pt. 21, subpt A.  A veteran is eligible to receive benefits under this program if, among other things, the veteran has a disability rating of at least 20% and is determined by VA to have an "employment handicap"[2] or, if the veteran has a disability rating of 10% and VA has determined that rehabilitation is necessary as a result of a serious employment handicap.[3]  *See* 38 U.S.C. § 3102; 38 C.F.R. § 21.40 (2012).  Once VA has determined that a veteran is entitled to receive such benefits, the veteran will work with a vocational rehabilitation counselor to develop an individualized written rehabilitation plan (IWRP), which includes an evaluation of the skills needed and the training or educational services required to achieve rehabilitation.[4]  Either alone or as part of an individual rehabilitation plan, employment services may also be provided.  38 C.F.R. §21.88 (2012).  A veteran's progress is monitored throughout the rehabilitation process by a case manager.  As the veteran completes a step in the rehabilitation process, the case manager will assign a case status.[5]  Once a veteran substantially reaches the goals set forth in the rehabilitation plan and is found to be "rehabilitated," entitlement to further vocational rehabilitation benefits ends unless the criteria for reentrance into the rehabilitation program has been established.  *See* 38 C.F.R. § 21.284 (2012).

---

[1]A vocational rehabilitation program includes "such counseling, diagnostic, medical, social, psychological, independent living, economic, educational, vocational, and employment services as are determined by the Secretary to be needed."  38 U.S.C. § 3101.

[2] "The term 'employment handicap' means an impairment, resulting in substantial part from a disability described in section 3102(1)(A) of this title . . .  of a veteran's ability to prepare for, obtain, or retain employment consistent with such veteran's abilities, aptitudes, and interests." 38 U.S.C. § 3101(1); *see* 38 C.F.R § 21.35(a) (2012).

[3]"The term 'serious employment handicap' means a significant impairment, resulting in substantial part from a service-connected disability rated at least 10[%] or more, of a veteran's ability to prepare for, obtain, or retain employment consistent with such veteran's abilities, aptitudes, and interests." 38 U.S.C. § 3101(7); *see* 38 C.F.R § 21.35(g).

[4] Educational and vocational training services are generally selected by VA to meet the specific goals established in the individual rehabilitation plan. 38 C.F.R. § 21.120 (2012). Such services are different from other educational benefits offered by VA. *See generally* 38 U.S.C. §§ 3201-3243 (Post-Vietnam Era Veterans' Educational Assistance Program); 38 U.S.C. §§ 3001-3036 (GI Bill); 38 C.F.R. pt. 21, subpt. P (Post-9/11 Educational Assistance Program).

[5]Case status includes, among other things, "rehabilitation to the point of employability[,]" "employment services[,]" and "rehabilitated[.]" *See generally* 38 C.F.R. § 21.180-21.189 (2012).

Congress prescribed a 12-year eligibility period for the receipt of vocational rehabilitation benefits; the period begins on the date of discharge from military service or on the granting of a compensable rating for a service-connected disability. *See* 38 U.S.C. § 3103(a), (b)(3). Pursuant to statute, that 12-year period may be extended in certain instances, such as when a medical condition renders participation in the rehabilitation program or achievement of a vocational goal infeasible, or when active-duty service prevents participation in the program. *See* 38 U.S.C. § 3103(b), (d), (e). Moreover, the 12-year period may be extended for a veteran with a "serious employment handicap" if (1) that veteran "had not previously been rehabilitated to the point of employability," or (2) the veteran had been rehabilitated to the point of employability but additional services are necessary because of a worsening of the veteran's service-connected disabilities, or (3) "an extension of the period of eligibility of such veteran is necessary to accomplish the purposes of a rehabilitation program for such veteran." 38 U.S.C. § 3103(c)(1)-(3). During the 12-year eligibility period, a veteran may receive up to 48 months of vocational rehabilitation benefits, including educational services. *See* 38 U.S.C. § 3105(b); 38 C.F.R. §§ 21.70(c), 21.194 (2012). Notwithstanding the 12-year eligibility period, veterans who have participated in a vocational rehabilitation program are also eligible to receive up to 18 months of employment services. *See* 38 C.F.R. § 21.83 (2012).

On June 11, 1991, well before Mr. Andrews's vocational rehabilitation eligibility period expired on January 13, 1999, a VA counseling psychologist noted that Mr. Andrews had used approximately 43 months of vocational rehabilitation benefits and had sought to extend his educational services; however, VA denied the request because VA determined that Mr. Andrews was rehabilitated as of July 21, 1991. Record (R.) at 123-24. When Mr. Andrews appealed the denial of further vocational rehabilitation benefits to the Board, the Board issued a decision 16 years later, denying an extension of vocational rehabilitation benefits because the eligibility period had expired.

In his brief, Mr. Andrews argues that he is entitled to the remaining five months of his vocational rehabilitation benefits in the form of educational services; however, during oral argument, he argued that he is entitled to the monetized value of the remaining five months of vocational rehabilitation benefits in the form of employment services. The Court will consider the issue of entitlement to an extension of vocational rehabilitation benefits with respect to both educational and

3

employment services. With regard to educational services, because the eligibility period in this case has expired, his appeal as to that matter is moot unless the appeal of the denial of benefits stays the running of the vocational rehabilitation eligibility period. Thus, the principal issue before the panel is whether the 12-year period of basic eligibility for vocational rehabilitation benefits is stayed while a claimant pursues his statutory appeal rights. For the following reasons, the Court answers in the affirmative, and will set aside the Board decision as to the request both for educational and employment services, and remand those matters for further proceedings consistent with this decision. However, because the issue of eligibility to an award of monetized value of employment services was not raised in Mr. Andrews's principal or reply brief and he has not provided any authority in support of this argument, the Court will not consider it. *See Locklear v. Nicholson*, 20 Vet.App. 410, 416-17 (2006) (explaining that the appellant must provide reasons for his argument); *see also Maggitt v. West*, 202 F.3d 1370, 1377-78 (Fed. Cir. 2000) (holding that this Court has jurisdiction to hear arguments presented to it in the first instance, provided that it otherwise has jurisdiction over the claim and the Court has discretion to consider, refuse to hear, or remand arguments presented to it in the first instance).

## I. BACKGROUND

Mr. Andrews served on active duty in the U.S. Marine Corps from July 1982 to August 1985. In January 1987, VA awarded Mr. Andrews disability benefits for seronegative spondyloarthropathy[6] and hypertension, at a combined 30% disability rating, effective as of August 1986, one year after his discharge from service.

In April 1987, Mr. Andrews sought vocational rehabilitation benefits under chapter 31 of title 38 of the U.S. Code. In July 1987, a VA counselor determined that Mr. Andrews had an "employment handicap" – but not a "serious employment handicap" – and recognized January 13, 1999, as the delimiting date for his vocational rehabilitation benefits. *See* R. at 164. After the counselor tested and analyzed Mr. Andrews's abilities, in August 1987, Mr. Andrews signed an IWRP with a "program goal" of "[e]ntry level employment – legal assistant" and an "objective" of

---

[6]"Seronegative spondyloarthropathy" is "a general term comprising a number of degenerative joint diseases having common clinical, immunologic, pathologic, and radiographic features." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY at 1754 (32d ed. 2012).

earning a bachelor of science degree in political science at Towson State University. R. at 169. Mr. Andrews did not perform as expected at Towson, so over the next couple of years the program goal and objective on his IWRP changed several times. *See*, *e.g.*, R. at 173, 196, 199. By August 1990, he was pursuing an associate's degree from the Community College of Baltimore, with an objective of "paralegal or legal assistance." R. at 1337.

A February 1991 counseling record notes that Mr. Andrews was scheduled to graduate with an associate's degree in June of that year. Mr. Andrews had requested that VA continue his vocational rehabilitation benefits until he was able to complete a bachelor's degree as well. However, the VA counseling psychologist informed Mr. Andrews that he only had "[5] months and 17 days" of his 48 months of vocational rehabilitation benefits remaining, and that according to VA regulations, VA could not allow him to use the remaining benefits to complete a bachelor's degree unless he could verify that he had financial means to complete the bachelor's degree program once it had begun. R. at 1332. The counseling psychologist also noted that an extension of the 48 months of benefits could be granted for veterans with "serious employment handicaps," but noted that "[t]here is no justification at this time to grant this man an extension based upon the service-connected disability he possesses and it's [sic] effect upon his pursuit of training." R. at 1332.

In April 1991, Mr. Andrews again requested that he be able to pursue a bachelor's degree. The counseling psychologist again informed Mr. Andrews that he could not complete such program during the time he had remaining under chapter 31, that he was not entitled to an extension of the 48 months of vocational rehabilitation benefits, and that he did not have a serious employment handicap. The counseling psychologist also indicated that if Mr. Andrews could provide documentation of alternative funding available to complete the bachelor's degree program, he would write an IWRP for a four-year degree.[7] *See* R. at 904.

After Mr. Andrews earned his associate's degree in June 1991, his IWRP was amended to include individualized employment services, with the goal of being employed as a paralegal and with an anticipated completion date of January 1992.[8] *Compare* R. at 888, *with* R. at 1312. Thereafter,

_____

[7]The record of proceedings does not reflect that Mr. Andrews provided that financial information.

[8] It is unclear from the record of proceedings why this particular date was chosen as the anticipated completion date for employment services.

he was considered to be in "employment services" status. *See* R. at 653. Despite the stated plan, he again requested that VA assist him in pursuing a bachelor's degree. *See* R. at 137, 698.

In May 1992, Mr. Andrews filed an application for vocational rehabilitation benefits asking for help obtaining a job. *See* R. at 134. In response to that application, by letter dated June 3, 1992, VA informed him of the following:

> A review of your Counseling Education and Rehabilitation folder documents [that] you were found rehabilitated on July 21, 1991. Unless there has been a significant change in your service connected disability showing material evidence that you are vocationally handicapped your re-application for training cannot be processed. However, as a veteran who has been through a Chapter 31 Vocational Rehabilitation Training Program, you are eligible for employment [services].

R. at 123.

Mr. Andrews filed a Notice of Disagreement and ultimately appealed to the Board. In his August 1992 Substantive Appeal, he asked that he be "return[ed] to the vocational rehabilitation program immediately for continuation of my vocational goal of B.S. degree." R. at 121. VA issued a Supplemental Statement of the Case that month, and in July 1993, Mr. Andrews resubmitted his August 1992 Substantive Appeal.

Two events of note followed. First, in January 1994, Mr. Andrews was awarded disability benefits for both acne (at 30% disabling) and residuals of a laceration to the right forearm (with 0% rating). R. at 235-37. His combined disability rating at that time became 60%, effective from January 9, 1991. R. at 237. Second, 15 years after Mr. Andrews resubmitted his Substantive Appeal, he contacted VA for an update on the status of his appeal; thereafter, VA afforded Mr. Andrews a Board hearing in March 2009, and the Board issued its decision here on appeal in May 2009.

In its decision, the Board stated that the 12-year eligibility period under chapter 31 had expired and could not be extended. R. at 8. In addition, the Board, without further explanation, found that Mr. Andrews had overcome his employment handicap and had been rehabilitated. The Board also found that he had not met the requirements to reenter into "rehabilitation to the point of employability" under 38 C.F.R. § 21.284. R. at 13-14.

## I.  ANALYSIS

### A.  Educational Services

#### 1.  Staying of the 12-Year Eligibility Period

Section 3103 prescribes a 12-year eligibility period for the use of vocational rehabilitation benefits. That period expired in this case. Accordingly, Mr. Andrews's appeal is moot unless the 12-year period is stayed or he is eligible for an extension of that period.  Whether the statutorily prescribed eligibility period is stayed while a claimant pursues his statutory right to appeal the denial of benefits is a question of law that the Court reviews de novo.  *See* 38 U.S.C. § 7261(a)(1); *Smith v. Gober*, 14 Vet.App. 227, 230 (2000) (stating that the Court reviews questions of law de novo without providing deference to the Board's conclusions).  Based on the following, we conclude that the 12-year eligibility period is stayed when a veteran appeals an adverse decision to the Board.

Here, on the one hand, Congress has authorized veterans educational services provided they inter alia (a) have a service-connected disability rated at 20%, and (b) need rehabilitation because of an employment handicap.  38 U.S.C. § 3102.  Unless VA determines otherwise, the benefits are to be used within 12 years, and start from "the date of such veteran's discharge or release from active military, naval, or air service." 38 U.S.C. § 3103; *see* 38 C.F.R. § 21.41.  On the other hand, Congress also has provided veterans the right to appeal a denial of such benefits.  38 U.S.C. § 7104; *Disabled Am. Veterans v. Sec'y of Veterans Affairs*, 327 F.3d 1339, 1347 (Fed. Cir. 2003) (quoting 38 U.S.C. § 7104(a)) ("[T]he Board acts on behalf of the Secretary in making the ultimate decision on claims and provides 'one review on appeal to the Secretary.'")); *see also* 38 U.S.C. ch. 72 (providing veterans a right to seek judicial review of adverse decisions).  If the statute establishing the 12-year delimiting period were interpreted strictly, it very well might prevent a veteran from exercising the right to appeal.  Accordingly, the Court is guided by the well-established canons of construction that statutes capable of being harmonized should be so construed, *see Ruckelshaus v. Monsanto Co*., 467 U.S. 986, 1018 (1984); *United States v. Moore*, 95 U.S. 760, 763 (1877), and courts must look at the context and overall statutory scheme when interpreting statutes because "the meaning of one statute may be affected by other Acts."  *Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 132-33 (2000).  In *Brown & Williamson Tobacco Corp.*, for example, the Supreme Court noted that even though tobacco appeared to fall within the statutory

7

purview of the Food and Drug Administration (FDA), such a holding would mean that the FDA would be statutorily obligated to ban the sale of tobacco, which the Court found completely contrary to other statutory provisions regarding the sale of tobacco. *Id.* at 142-143. Therefore, to harmonize the statutes, the Court concluded that Congress must have intended for tobacco to be outside the scope of the FDA. *Id.*

The Court also notes that Congress mandated that once a veteran has met certain eligibility requirements, that veteran "*shall be entitled* to a rehabilitation program." 38 U.S.C. § 3102(a)(1)(B), (a)(2)(B) (emphasis added). We cannot find, nor ascribe, any congressional intent to permit the Secretary's actions or his failure to act in adjudicating a statutorily guaranteed right to appeal to be the cause for the loss of benefits to which a veteran otherwise might be entitled. Accordingly, we hold that upon a veteran's filing an administrative appeal of an adverse decision with regard to benefits under section 3102, the delimiting period prescribed in section 3103 is stayed pending final decision on the claim (or other final action, such as abandonment). This holding guarantees that a veteran can meaningfully exercise statutory appeal rights when entitlement to vocational rehabilitation benefits is denied, and further guarantees statutory entitlement to use such benefits if the veteran ultimately is determined eligible. Otherwise stated, this result permits the two statutory rights to exist in harmony.

Having determined that Mr. Andrews's claim for vocational rehabilitation benefits is not moot based on the expiration of the eligibility period, we turn now to the Board's decision.

### 2. Board Decision

The Court determines that the Board's reasons or bases are inadequate, which frustrates judicial review and warrants remand. *See Allday v. Brown*, 7 Vet.App. 517, 527 (1995) (Board's statement "must be adequate to enable a claimant to understand the precise basis for the Board's decision, as well as to facilitate review in this Court"); *see also Tucker v. West*, 11 Vet.App. 369, 374 (1998) (remand is appropriate "where the Board has incorrectly applied the law, failed to provide an adequate statement of reasons or bases for its determinations, or where the record is otherwise inadequate"). Specifically, the latest counseling psychological assessment of whether Mr. Andrews might qualify as possessing a "serious employment handicap" took place in 1991, several years before Mr. Andrews's service-connected disabilities worsened to the point of his demanding a

60%–rather than a 30%–disability rating, and several years before the Board rendered its decision. Yet, under 38 C.F.R. § 21.78(c), an extension of the 48 months of vocational rehabilitation benefits is available for those veterans who possess a serious employment handicap, and the Board did not explain why a later, more recent assessment was not warranted.

Although the Secretary argues that there is no evidence that Mr. Andrews informed the Board or his counselor that his disability rating had increased, the Board decision recognized those additional disabilities in its first finding of fact (R. at 4), and further recognized that service connection for those disabilities was granted by a 1994 rating decision (R. at 12). Thus, the Board was aware that the 1991 VA counseling psychologist's report did not include an analysis of the effect of Mr. Andrews's subsequently adjudicated disabilities. The Board was required to seek an additional opinion from a counseling psychologist before determining that Mr. Andrews did not suffer from an employment handicap sufficient to warrant an extension of benefits, or to explain why, even in light of the increased disability rating, further assistance was not required. *See Robinson v. Peake*, 21 Vet.App. 545, 552 (2008) (Board must address issues raised by the appellant or reasonably by the record), *aff'd sub nom. Robinson v. Shinseki*, 557 F.3d 1355 (Fed. Cir. 2009).

The Board also accepted, without further discussion, the RO's determination that Mr. Andrews had been rehabilitated on July 21, 1991. Pursuant to 38 C.F.R. § 21.283, a veteran will be considered "rehabilitated," if, inter alia, the veteran is employed for at least 60 continuous days or is pursuing additional education or training. *See* 38 C.F.R. § 21.283(c)(1)-(3) (2012); *compare id., with* 38 C.F.R. § 21.196 (1991) (providing that a veteran will be considered to have been rehabilitated if, inter alia, the veteran met the goals of an individualized employment assistance plan rehabilitation, and achieved and maintained "suitable employment"). Once a veteran is found to be rehabilitated under § 21.283, that veteran may be provided additional services only if there is evidence that his service-connected disability has worsened to the extent that the effects of the service-connected disability preclude him from engaging in the occupation for which he was found rehabilitated, or the occupation for which he was found rehabilitated is found unsuitable on the basis of the veteran's specific employment handicap. *See* 38 C.F.R. § 21.284 (2012).

In June 1992, the RO informed Mr. Andrews that he was found rehabilitated on July 21, 1991, and denied his request for an extension of vocational rehabilitation benefits. *See* R. at 123-24.

9

The Board decision here on appeal baldly reiterated that determination, merely stating that the "evidence shows that [Mr. Andrews] overcame his employment handicap to the maximum extent feasible" (R. at 13), but not explaining how that determination was made. In particular, there is no evidence of record that Mr. Andrews had been employed for 60 days at the time of the decision as to rehabilitation. Likewise, though Mr. Andrews expressed a desire to further his education to obtain a bachelor's degree, there is no evidence that he was actually pursuing additional education. The Board's complete failure to explain its finding that Mr. Andrews had been rehabilitated frustrates this Court's review. *See* 38 U.S.C. § 7104; *Allday*, *supra*. Because the finding of "rehabilitation" presents a significant bar to the award of further chapter 31 benefits, *see* 38 C.F.R. § 21.284 (stating that, once a veteran is found rehabilitated, "an additional period of training or services" is provided only if certain conditions have been met); 38 C.F.R. § 21.194(d)(1) (explaining that employment services are terminated once a veteran is found rehabilitated), the Court cannot find harmless the Board's omission. *See* 38 U.S.C. § 7104(d).

### B. Employment Services

Pursuant to 38 U.S.C. § 3117, a veteran who has participated in a vocational rehabilitation program is also eligible to receive employment services. VA considers a veteran participating in such a program to be in "employment services" status. 38 C.F.R. § 21.194. Under that status, the veteran may receive an additional period of 18 months for vocational rehabilitation employment-placement services and counseling. *See* 38 U.S.C. §§ 3104(a)(5), 3105(b); 38 C.F.R. §§ 21.47(d), 21.73, 21.78(b)(5) (2012). Employment services are not limited to the 12-year eligibility period. 38 C.F.R. § 21.47(d). However, entitlement to "employment services" status ends when a veteran is deemed to be "rehabilitated." 38 C.F.R. § 21.194(d)(1).

Here, on June 18, 1991, VA placed Mr. Andrews into "employment services" status. R. at 1312. However, it is unclear, based on a review of the record, whether VA provided any such employment services, given that VA found him to be rehabilitated on July 21, 1991 (but in an August 1991 letter, VA stated that Mr. Andrews was "currently in employment services status"). R. at 653, *see* R. at 123.

Because the Board provided an inadequate statement of reasons or bases to support the "rehabilitation" finding – a finding that effectively terminates entitlement to "employment services"

10

(*see* 38 C.F.R. § 21.194(d)(1)) – the Court cannot determine whether VA erred in failing to provide employment services. Thus, if the Board determines that the rehabilitation determination was made in error, it must consider this issue in the first instance on remand.

On remand, Mr. Andrews may present, and the Board must consider, any additional evidence and argument in support of the matter remanded. *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002). This matter is to be provided expeditious treatment on remand. *See* 38 U.S.C. § 7112.

## II. CONCLUSION

On consideration of the foregoing, the Court SETS ASIDE the Board's May 27, 2009, decision, and REMANDS the case for further proceedings consistent with this decision.