UNOVA, INC., Plaintiff Appellant,

v.

ACER INCORPORATED and Acer America Corporation, Defendants,

and

Apple Computer Inc., Gateway Inc., Fujitsu Ltd., and Fujitsu PC Corporation, Defendants,

and

Hewlett–Packard Company, Defendant Appellee,

and

NEC Corporation and NEC Computers Inc., Defendants.

No. 03–1244.

United States Court of Appeals, Federal Circuit.

March 31, 2004.

Lawrence S. Robbins, Robbins, Russell, Englert, Orseck & Untereiner LLP, of Washington, DC, argued for plaintiff appellant. With him on the brief were Alan E. Untereiner and Gary A. Orseck. Of counsel on the brief was Frederick A. Lorig, Bright & Lorig, P.C., of Los Angeles, CA. Of counsel was Bruce R. Zisser, Bright & Lorig, P.C., of Los Angeles, CA.

Morgan Chu, Irell & Manella LLP, of Los Angeles, CA, argued for defendant appellee Hewlett–Packard Company. With him on the brief were Elliot Brown, Laura W. Brill, and Lisa Partain.

Before LOURIE, CLEVENGER, and SCHALL, Circuit Judges.

LOURIE, Circuit Judge.

Unova, Inc. appeals from the decision of the United States District Court for the Central District of California entering summary judgment in favor of Hewlett–Packard Company on the ground that a settlement agreement between Unova and Compaq Computer Corporation released Hewlett–Packard from liability for infringement of various patents owned by Unova. *Unova, Inc. v. Acer Inc.*, No. 02–03772 ER (C.D.Cal. Nov. 19, 2002) ("*Summary Judgment*"). Because we conclude that the Unova–Compaq settlement agreement did not release Hewlett–Packard from liability for infringement of Unova's patents, we reverse and remand.

## BACKGROUND

Unova owns several patents that relate to "smart battery" management technology used in notebook computers. On May 4, 2001, Unova and Compaq entered into a settlement agreement to resolve cross-claims for infringement of Unova's smart battery patents[1] and various Compaq patents. Pursuant to that agreement, Unova and Compaq granted mutual releases from infringement, covenants not to sue, and licenses. Most relevantly, section 3.1 of the settlement agreement releases, *inter alia*, Compaq and its "parents" from liability for infringement of the smart battery patents; section 4.1 provides that Unova will not sue Compaq or its parents for infringement of the smart battery patents

---

1. United States Patents 4,455,523; 4,709,202; 5,278,487; 5,619,117; 5,883,493; 5,889,386; 5,986,435; and 6,075,340.

by any "Compaq Products"; and section 4.3 grants Compaq and its parents a non-exclusive license for "Compaq Products" under the smart battery patents. The settlement agreement is governed by California law.

On May 3, 2002, Hewlett-Packard acquired 100% of the capital stock of Compaq and thus became Compaq's parent. Five days later, Unova filed suit against Hewlett-Packard and several other computer manufacturers [2] in the United States District Court for the Central District of California for infringement of its smart battery patents.[3] Hewlett-Packard and Unova subsequently filed cross-motions for summary judgment on the issue whether the Unova–Compaq settlement agreement released Hewlett-Packard from liability for infringement of Unova's smart battery patents. In November 2002, the district court granted Hewlett-Packard's motion for summary judgment. First, the court concluded that the release found in section 3.1 of the settlement agreement applies to Hewlett-Packard because it broadly refers to Compaq's "parents" and nowhere limits that phrase to Compaq's parents at the time of the agreement. *Summary Judgment*, slip op. at 6. Second, the court determined that the release, unlike the licenses and covenants not to sue found in sections 4.1–4.4, is not restricted to Compaq-branded products. *Id.* at 7–10. Third, the court concluded that the release plainly covers conduct that began before May 4, 2001, the date of the settlement agreement, and continued thereafter. *Id.* at 10–11. Accordingly, the court entered final judgment in favor of Hewlett-Packard pursuant to Federal Rule of Civil Procedure 54(b), retaining jurisdiction to determine the amount of attorney fees and costs to which Hewlett-Packard is entitled. *Unova, Inc. v. Acer Inc.*, No. CV 02–03772–ER (MANx) (C.D.Cal. Jan. 22, 2003) (*"Final Judgment"*).

Unova timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We review a district court's grant of summary judgment *de novo*, reapplying the same standard used by the district court. *Ethicon Endo–Surgery, Inc. v. U.S. Surgical Corp.*, 149 F.3d 1309, 1315 (Fed.Cir.1998). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Contract interpretation is "ordinarily a question of state law." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 474, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). Moreover, the Unova–Compaq settlement agreement expressly provides that California law shall apply to the agreement. We therefore apply California law to our interpretation of the settlement agreement.

**2.** The other named defendants—Acer Incorporated, Acer America Corporation, Apple Computer Inc., Gateway Inc., Fujitsu Ltd., Fujitsu PC Corporation, NEC Corporation, and NEC Computers Inc.—are not parties to this appeal.

**3.** In that lawsuit Unova alleged infringement of its eight aforementioned patents, *see supra* note 1, as well as United States Patent 6,252,-380, which is a continuation of the '340 patent and is therefore defined as a smart battery patent under the Unova–Compaq settlement agreement.

On appeal, Unova argues for reversal, or at least remand, of the district court's grant of summary judgment to Hewlett–Packard. Unova contends that California law imposes a strong presumption against extending the benefits of releases to third parties and that Hewlett–Packard failed to overcome that presumption by showing that Unova and Compaq intended to release Hewlett–Packard from liability for infringement of the smart battery patents. Unova adverts to several provisions of the settlement agreement, urging that the release provision does not immunize Hewlett–Packard from liability for acts of infringement that it allegedly committed prior to becoming Compaq's parent or for acts of infringement that it allegedly committed in the manufacture and sale of non-Compaq-branded products. Unova also points to the parties' respective positions at the time of the settlement agreement as showing that Unova and Compaq did not intend that the release benefit Hewlett–Packard.

Hewlett–Packard responds that the grant of summary judgment should be affirmed because the district court properly concluded that the Unova–Compaq settlement agreement releases Hewlett–Packard from liability for its alleged infringement in this case. Hewlett–Packard maintains that California law permits the enforcement of broad releases and does not impose a presumption against extending releases to third-party beneficiaries. Moreover, Hewlett–Packard argues that the settlement agreement's release provision releases Hewlett–Packard, as Compaq's parent, from liability for infringement and that the release provision, unlike other provisions of the settlement agreement, is not limited to Compaq-branded products.

■ We agree with Unova that the district court erred in granting Hewlett–Packard's motion for summary judgment, for we conclude that the Unova–Compaq settlement agreement did not release Hewlett–Packard from liability for infringement of the smart battery patents. Settlement agreements are governed by the generally applicable law of contracts. *Brinton v. Bankers Pension Servs., Inc.,* 76 Cal.App.4th 550, 90 Cal.Rptr.2d 469, 474 (1999). Under California law, "[a] contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting." Cal. Civ.Code § 1636 (Deering 2004); *see AIU Ins. Co. v. Superior Court,* 51 Cal.3d 807, 274 Cal.Rptr. 820, 799 P.2d 1253, 1264 (1990) ("[T]he mutual intention of the parties at the time the contract is formed governs interpretation."). "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity," Cal. Civ. Code § 1638 (Deering 2004), and "[t]he whole of a contract is to be taken together," *id.* § 1641. "[T]he intention of the parties is to be ascertained from the writing alone, if possible ...," *id.* § 1639, yet "[a] contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates," *id.* § 1647.

■ Applying those canons of contract interpretation to third-party releases, the California courts have held that a third party's rights under a release agreement are predicated upon the contracting parties' intent to benefit him and that the third party bears the burden of showing that the contracting parties intended to release him. *Garcia v. Truck Ins. Exch.,* 36 Cal.3d 426, 204 Cal.Rptr. 435, 682 P.2d 1100, 1104–05 (1984) (en banc); *see also Neverkovec v. Fredericks,* 74 Cal.App.4th 337, 87 Cal.Rptr.2d 856, 865 (1999). Such intent must appear in the terms of the contract. *Brinton,* 90 Cal.Rptr.2d at 474. Nevertheless, "[i]n determining the mean-

ing of a written contract allegedly made, in part, for the benefit of a third party, evidence of the circumstances and negotiations of the parties in making the contract is both relevant and admissible." *Garcia,* 204 Cal.Rptr. 435, 682 P.2d at 1105.

Reading the settlement agreement as a whole, we can only conclude that Unova and Compaq did not intend to release Hewlett–Packard from liability for infringement arising from events that occurred before it became Compaq's parent. Several aspects of the agreement support that conclusion. To begin with, the release provision itself is most sensibly read as not releasing Hewlett–Packard from liability for infringement prior to its acquisition of Compaq. A release from liability for patent infringement typically immunizes a party from liability for past acts of infringement, *see Schering Corp. v. Roussel–UCLAF SA,* 104 F.3d 341, 345 (Fed. Cir.1997), and the release provision found in the first sentence of section 3.1 of the settlement agreement does just that. It states that Unova "hereby releases Compaq, its parents, and its Subsidiaries" from all claims that relate to "an allegation of infringement of any of the Smart Battery Patents based in whole or in part on any act, event, occurrence, transaction, or omission which took place on or before [May 4, 2001]." We read that language to mean simply that, as of May 4, 2001, Unova released Compaq, its parents, and its subsidiaries from liability for prior acts of infringement. Hewlett–Packard was not Compaq's parent on that date and, as a consequence, is not entitled to the benefit of the release.

Hewlett–Packard argues, however, that interpreting the term "parents" to include only Compaq's parents at the time of the settlement agreement would render the term a nullity because Compaq did not have any parents at that time. Be that as it may, we will not interpret the release

provision contrary to the plain meaning of its language or contrary to common sense. The release provision is written in the present tense—"Unova . . . hereby releases Compaq, its parents, and its Subsidiaries"—and refers to acts of past infringement; thus, it most naturally does not refer to Compaq's future parents. Moreover, Unova and Compaq elsewhere referred to future entities, such as "past, present, and future officers, directors, shareholders . . .," when they so intended, and the fact that they did not similarly modify the term "parents" suggests that they did not seek to release Compaq's future parents. We thus conclude that the release provision does not encompass Compaq's future parents. Accordingly, because Hewlett–Packard did not become Compaq's parent until nearly a year after the date of the Unova–Compaq settlement agreement, the release provision does not insulate it from liability for infringement of Unova's smart battery patents.

Our interpretation of the release provision is consistent with—indeed, confirmed by—the structure of the settlement agreement as a whole. Most notable are the covenant-not-to-sue and license provisions found, respectively, in sections 4.1 and 4.3 of the settlement agreement. Section 4.1 provides that Unova "will [not] bring suit or otherwise assert a claim against Compaq, its parents, and its Subsidiaries . . . for infringement of any of the Smart Battery Patents by any Compaq Products." Section 4.3 grants Compaq, its parents, and its subsidiaries "a perpetual, royalty-free, non-exclusive, worldwide license for the Compaq Products under the Smart Battery Patents." Those provisions expressly apply only to Compaq-branded products and so, even as Compaq's parent, Hewlett–Packard does not enjoy the benefits of the covenant-not-to-sue and license provisions for the manufacture and sale of non-Compaq-branded products. It would

be rather unusual for Unova to release Hewlett–Packard from liability for acts of infringement that occurred before it became Compaq's parent, but to reserve the right to sue Hewlett–Packard for identical acts of infringement that occurred after it became Compaq's parent. Nowhere does the settlement agreement express Unova's and Compaq's intent to make such an arrangement, and our reading of the release provision as not releasing Compaq's future parents avoids any such inconsistency.

Other provisions of the settlement agreement further evince Unova's and Compaq's intent not to release third parties, and particularly Hewlett–Packard, from liability for infringement of the smart battery patents. For example, section 5.4 of the settlement agreement would require Unova, if it entered into a third-party license with Hewlett–Packard under terms more favorable to Hewlett–Packard than those received by Compaq, to compensate Compaq for the difference in value. Importantly, that provision demonstrates that Unova and Compaq contemplated that Unova might reach a separate agreement with Hewlett–Packard and that Unova and Compaq did not mean for their settlement agreement to inure to the benefit of Hewlett–Packard. Indeed, such an interpretation is convincingly supported by the circumstances surrounding the settlement agreement. Unova and Compaq entered into the settlement agreement to resolve their own cross-claims of patent infringement; Hewlett–Packard's allegedly infringing activity was not a part of that litigation. In addition, Unova and Hewlett–Packard were engaged in separate litigation at the time of the agreement. Under those circumstances, it is highly unlikely that Unova and Compaq would have intended to release Hewlett–Packard, then a competitor in the notebook computer industry, from liability for its past infringement of the smart battery patents in the settlement of their unrelated litigation.[4]

■ Having considered all of the intrinsic evidence, we turn next to the parties' dispute over the extent to which we may rely on extrinsic evidence in interpreting the scope of the release provision. We conclude that it is unnecessary for us to consider (or to remand for consideration of) the extrinsic evidence cited by the parties, given that the settlement agreement, read as a whole, makes clear that Unova and Compaq did not intend to release Hewlett–Packard from liability for infringement of Unova's smart battery patents. *See* Cal. Civ.Code § 1639 (Deering 2004) ("[T]he intention of the parties is to be ascertained from the writing alone, if possible ...."); *see also* Cal.Civ.Proc. Code § 1856 (Deering 2004) (California's parol evidence rule). In any event, Hewlett–Packard may not rely on extrinsic evidence to show that Unova and Compaq intended to release it from liability for infringement in the absence of any expression of such intent in the settlement agreement itself. *See Brinton,* 90 Cal.Rptr.2d at 474 (stating that the contracting parties' intent to benefit a third party must appear in the terms of the agreement). We therefore decline to consider the extrinsic evidence cited by the parties.

Finally, Hewlett–Packard offers two arguments in support of its position that Unova is not entitled to partial summary

---

4. Hewlett–Packard further argues that section 6.3 of the settlement agreement demonstrates that Unova and Compaq intended not to restrict the rights of Compaq's future parents under the release provision. However, our interpretation of the release provision is consistent with section 6.3's requirement that the release granted by Unova to Compaq survive a sale or merger; Compaq still enjoys the benefits of the release provision, as we have interpreted it, in the event of a sale or merger.

judgment on the issue of release. First, Hewlett–Packard contends that genuine issues of material fact exist as to whether certain accused products are "Compaq Products." However, because we conclude that the release provision does not extend to Compaq's future parents such as Hewlett–Packard, we need not consider whether it extends to products other than "Compaq Products." Thus, no disputed issues of material fact remain. Second, Hewlett–Packard asserts that it should be permitted to conduct further discovery under Federal Rule of Civil Procedure 56(f). We disagree, for the additional discovery that Hewlett–Packard seeks—namely, evidence regarding the negotiations surrounding the Unova–Compaq settlement agreement and other agreements to which Unova was a party—would be valueless because, as stated above, Hewlett–Packard may not rely on extrinsic evidence to contradict Unova's and Compaq's intent as expressed in the settlement agreement itself. *See Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir.1994) (stating that a denial of a Rule 56(f) motion is appropriate when the additional discovery sought would not preclude summary judgment). We therefore conclude that partial summary judgment in favor of Unova is appropriate.[5]

## CONCLUSION

For the foregoing reasons, we conclude that the Unova–Compaq settlement agreement does not release Hewlett–Packard from liability for infringement of Unova's smart battery patents. Unova is therefore entitled to summary judgment on Hewlett–Packard's affirmative defense of release, and we remand for further proceedings consistent with this opinion. Accordingly, the decision of the district court is

*REVERSED and REMANDED.*

---

**5.** We note that Hewlett–Packard's motion for summary judgment and the parties' arguments on appeal were limited to the issue whether the release provision of the Unova–Compaq settlement agreement released Hewlett–Packard from liability for infringement in the present lawsuit, and our decision today is similarly limited. We express no view regarding the effect, if any, of the settlement agreement's other provisions on Hewlett–Packard's liability in this case.