**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 22-2484

MICHELE M. BOLDS, APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued June 21, 2023                                    Decided July 11, 2024)

*Jonathan H. Davis*, of Miami, Florida, for the appellant.

*Jonathan G. Scruggs*, Acting Deputy Chief Counsel, with whom *Jacqueline Kerin*, Appellate Attorney; *Mary Ann Flynn*, Chief Counsel; and *Richard J. Hipolit*, Deputy General Counsel for Veterans Programs, all of Washington, D.C., were on the brief for the appellee.

Before BARTLEY, *Chief Judge*, and PIETSCH and GREENBERG, *Judges*.

BARTLEY, *Chief Judge*: Under the Veterans Appeals Improvement and Modernization Act of 2017 (AMA), Pub. L. 115-55, 131 Stat. 1105, a claimant for VA benefits who appeals an adverse agency of original jurisdiction (AOJ) decision to the Board of Veterans' Appeals (Board) must select one of three Board review dockets, each with its own set of evidence submission rules. 38 U.S.C. § 7105(b)(3); 38 C.F.R. § 20.202(b) (2024); *see Andrews v. McDonough*, 34 Vet.App. 151, 157 (2021). In the hearing docket, the evidentiary record before the Board is limited to the evidence of record at the time of the AOJ decision on appeal and evidence submitted by the appellant and his or her representative at the Board hearing or within 90 days following that hearing. 38 U.S.C. § 7113(b); 38 C.F.R. § 20.302(a) (2024). This opinion addresses a situation where the Secretary and the appellant agree, in a joint motion for partial remand (JMPR) granted by this Court, that the appellant can submit additional evidence on remand when the case returns to the Board hearing docket.

In the April 22, 2022, decision on appeal, the Board denied veteran Michele M. Bolds service connection for ovarian cancer or precancerous cells, miscarriage, fallopian tube endometriosis, and uterine cyst, refusing to consider VA examination reports and treatment records that she submitted to the Board on remand pursuant to the terms of a Court-granted December

2021 JMPR.[1] Record (R.) at 5-10.[2] Because we hold that section 7113(b)'s and § 20.302(a)'s evidence submission limits are claims processing rules that may be waived by the Secretary, and the Secretary waived the evidence submission limits in the December 2021 JMPR, we conclude that the Board legally erred when on remand from this Court it failed to honor the terms of the JMPR and consider the new evidence submitted by Ms. Bolds. Accordingly, the Court will reverse the Board's finding that it was precluded from considering that evidence, set aside the April 2022 Board decision, and remand the matter for readjudication consistent with this decision.

## I. FACTS

Ms. Bolds served on active duty in the U.S. Air Force from December 1986 to March 1987, with additional periods of active duty for training in the U.S. Air Force Reserve. R. at 2764-72, 2778. In August 1987, she underwent a gynecologic examination; findings were within normal limits, R. at 2812, 2825-26, but a contemporaneous Pap smear revealed reactive squamous metaplasia, R. at 2812.

The current appeal originated in January 2019 when Ms. Bolds submitted an intent to file a claim. R. at 2468-69. The following month, she filed claims for service connection for pelvic pain, precancerous cells, intrauterine growth restriction, miscarriage, and endometriosis, among other conditions. R. at 2457-58. She also submitted a statement detailing the history of her various gynecologic complaints, including that she frequently sought treatment during service for severe pelvic pain and was at times unable to participate in physical training activities. R. at 2454.

In May 2019, a VA regional office (RO)—the AOJ in this case—denied the veteran's service-connection claims. R. at 2387-92. Ms. Bolds timely filed a VA Form 10182, Notice of Disagreement (NOD), and requested a Board hearing. R. at 2350-56. She later testified at a January 2021 Board hearing that her gynecologic conditions began during basic training in 1986 and that, when she sought treatment in service, "the doctor classified [her complaints] as abdominal" and "didn't put a lot of details in [the records]." R. at 1560-61. Despite that testimony, the Board denied the veteran's claims in May 2021. R. at 1530-47.

---

[1] This appeal is timely, and the Court has jurisdiction to review the Board decision pursuant to 38 U.S.C. §§ 7252(a) and 7266(a).

[2] All references to the record refer to the amended record of proceedings filed on June 9, 2023.

Ms. Bolds appealed to this Court and, in December 2021, the parties filed a JMPR, agreeing that the Board failed to discuss the potentially favorable August 1987 notation of reactive squamous metaplasia. R. at 957-60. Significantly, the JMPR included language permitting the veteran to submit additional argument and evidence to the Board: "On remand, Appellant may submit additional argument and evidence, and the Board may seek any additional evidence it deems necessary for a timely resolution of the claim. *See Kutscherousky v. West*, 12 Vet.App. 369, 372 (1999) (per curiam order)." R. at 959. The JMPR noted that the remand conferred on Ms. Bolds a right to VA compliance with the terms of the remand order and imposed on the Secretary a concomitant duty to ensure compliance with those terms. R. at 959-60 (citing *Forcier v. Nicholson*, 19 Vet.App. 414, 425 (2006); *Stegall v. West*, 11 Vet.App. 268, 271 (1998)). The JMPR also stated that "[t]he Secretary further notes that any statements made herein shall not be construed as statements of policy or the interpretation of any statute, regulation, or policy by the Secretary," and that "Appellant also notes that any statements made herein shall not be construed as a waiver as to any rights or VA duties under the law as to the matters being remanded except the parties' right to appeal the Court's order implementing this JMPR." R. at 958. Later in December 2021, the Court granted the JMPR. R. at 962.

Even later that month, the Board notified Ms. Bolds that her case had been received following the Court's grant of the JMPR. R. at 953. The notification letter stated that the veteran was free to submit additional argument in support of her appeal, but that she could not submit new evidence because "the window for evidentiary submission has closed for all review options." *Id.* Nevertheless, Ms. Bolds submitted additional evidence and argument to the Board in January 2022. R. at 223-25, 231-43, 250-51, 312-17.

In the April 2022 decision on appeal, the Board found that Ms. Bolds's gynecologic conditions did not begin in and were not otherwise related to service, assigning more probative weight to the normal gynecologic findings in the SMRs than to the veteran's later statements of in-service onset. R. at 5, 8-10. As relevant here, the Board stated that, "[u]nder AMA regulations, the evidentiary record of the current appeal is limited to the evidence that was in the claims file at the time of the May 2019 rating decision and to the evidence that was submitted within 90 days following the January 2021 Board hearing." R. at 6 (citing 38 C.F.R. § 20.302(a)). The Board explained that it could not consider the evidence she submitted in January 2022, which was

3

"outside of these windows." R. at 7. The Board did not mention the part of the December 2021 JMPR that stated the appellant could submit additional evidence on remand. This appeal followed.

While the appeal was pending, Ms. Bolds, in November 2021, filed a supplemental claim seeking service connection for many of the same gynecologic conditions. R. at 1146-47; *see* R. at 1142-46 (attached evidence and argument). In January 2022, she underwent a VA gynecologic examination. R. at 821-24, 848-51, 897-900, 909-17. The RO denied the supplemental claim, R. at 789-807 (January 2022 decision), 54-64 (March 2022 "special review" decision), and Ms. Bolds appealed to the Board, *see* Secretary's First *Solze* Notice, Exhibit (Ex.) A (May 2022 NOD), Secretary's Second *Solze* Notice, Ex. A (March 2022 Board letter acknowledging receipt of the NOD and indicating that her appeal had been placed on the Board hearing docket); *see generally Solze v. Shinseki*, 26 Vet.App. 299, 301 (2013) (per curiam order) (holding that parties have a duty to notify the Court of developments that could affect the Court's decision).

## II. THE PARTIES' ARGUMENTS &
## THE SECRETARY'S CONCESSION OF ERROR

Ms. Bolds primarily argues that the Board legally erred in refusing to consider the evidence she submitted to the Board in January 2022 following remand from the Court. Appellant's Brief (Br.) at 6-17. She asserts that the Secretary was authorized to enter into an agreement that allowed her to submit additional evidence to the Board on remand and that, in doing so, the Secretary should be bound by the specific terms of the JMPR rather than the default evidence submission rules that ordinarily apply to appeals on the Board hearing docket. *Id*. at 7-13. To hold otherwise, Ms. Bolds contends, would not only deprive her of the benefit of the duly negotiated and executed JMPR, but also violate her constitutional right to due process. *Id*. at 13-17. In the alternative, she argues that the Board provided inadequate reasons or bases for various aspects of its decision. *Id.* at 17-23.

The Secretary disputes these contentions and argues that the Board adequately explained that it could not consider evidence received outside of the applicable AMA evidence windows. Secretary's Br. at 13-14. He specifically asserts that the Board was prohibited by statute and regulation from considering evidence submitted after a Court remand and that any JMPR statement suggesting otherwise was void and unenforceable. *Id*. at 15-23. Alternatively, he contends that, even if the December 2021 JMPR was fully enforceable, the Board substantially complied with the JMPR, *id*. at 23-24, and that the veteran has failed to carry her burden of demonstrating

4

prejudicial error in that regard, including any constitutional violation, *id*. at 10-11, 24-29. Nevertheless, the Secretary concedes that remand of the claims is required because the Board failed to address favorable portions of the veteran's January 2021 Board hearing testimony. *Id*. at 8-10.

In reply, Ms. Bolds asserts that the Secretary's concession of error does not resolve her appeal because a dispute still remains over whether the Board erred in declining to consider the additional evidence she submitted on remand. Reply Br. at 1-12. She therefore asks the Court to reverse the Board's finding that it was prohibited, as a matter of law, from considering that evidence. *Id*. at 3-4, 12.

At oral argument,[3] the veteran suggested that the Board's failure to enforce the terms of the JMPR had affected her procedural rights. Oral Argument at 23:01-25. The Secretary disagreed with that characterization, arguing that because the terms of the JMPR relate to the evidentiary record before the Board, they "affect the adjudicatory domain" and should be considered substantive and unwaivable. *Id*. at 51:05-52:35. The Secretary also argued that his "mistake . . . in inputting incorrect boilerplate language" in the JMPR cannot "create a right that is contrary to statute and regulation." *Id*. at 32:03-33.

### III. ANALYSIS

A. Failure to Consider Potentially Favorable Hearing Testimony

We begin with the Secretary's concession of error. As with any finding on a material issue of fact and law presented on the record, the Board must support its determination of whether a disability began or was incurred in service with adequate reasons or bases that enable the claimant to understand the precise basis for that determination and facilitate review in this Court. 38 U.S.C. § 7104(d)(1); *Washington v. Nicholson*, 19 Vet.App. 362, 371 (2005); *Gilbert v. Derwinski*, 1 Vet.App. 49, 56-57 (1990). To comply with this requirement, the Board must analyze the credibility and probative value of evidence, account for evidence it finds persuasive or unpersuasive, and provide reasons for its rejection of material evidence favorable to the claimant. *Caluza v. Brown*, 7 Vet.App. 498, 506 (1995), *aff'd per curiam*, 78 F.3d 604 (Fed. Cir. 1996) (table).

---

[3] *Bolds v. McDonough*, U.S. Vet. App. 22-2484 (oral argument held June 21, 2023), *available at* https://www.youtube.com/watch?v=1VngDPq5FWU&t=3124s [hereinafter Oral Argument].

The Board found that Ms. Bolds's SMRs were negative for any complaints, treatment, or diagnoses of the claimed conditions because the SMRs reflected normal gynecologic findings and did not mention ongoing pelvic pain or inability to perform duty tasks. R. at 8-9. The Board acknowledged the veteran's February 2019 statement that she frequently sought treatment for pelvic pain during basic training and Reserve duty, R. at 7, but concluded that the contemporaneous medical evidence was more probative than her post-service lay statements regarding her health during service, R. at 9. However, in weighing this record evidence, the Board did not address the veteran's January 2021 Board hearing testimony that her gynecologic conditions began during basic training in 1986, that the doctor who treated her at that time classified her complaints "as abdominal," and that the doctor "didn't put a lot of details in" the associated treatment records. R. at 1560-61. Because that testimony is consistent with Ms. Bolds's earlier reports of in-service onset of the claimed conditions and tends to elucidate why those conditions may not have been specifically noted in her SMRs, *see, e.g.*, R. at 2454, her testimony constitutes material, potentially favorable evidence that the Board was required to address, *see Caluza*, 7 Vet.App. at 506. We therefore agree with the Secretary, *see* Secretary's Br. at 8-10, that the Board's failure to address that testimony rendered inadequate its reasons or bases for its decision and that remand is required for the Board to consider and weigh that evidence in the first instance. *See Tucker v. West*, 11 Vet.App. 369, 374 (1998) (holding that remand is the appropriate remedy "where the Board has incorrectly applied the law, failed to provide an adequate statement of reasons or bases for its determinations, or where the record is otherwise inadequate").

But this conclusion does not resolve the primary dispute between the parties—whether the Board was permitted, and in fact obligated, to consider the evidence that Ms. Bolds submitted to the Board in January 2022 pursuant to the terms of the December 2021 JMPR. Because this dispute will persist on remand absent our intervention, we will address it next. *See Delrio v. Wilkie*, 32 Vet.App. 232, 240 (2019).

### B. The Secretary's Waiver of the Evidence Submission Limits

There is an obvious and irreconcilable tension between section 7113(b)'s evidence submission rules and the terms of the December 2021 JMPR. On the one hand, section 7113(b) limits the evidentiary record for cases on the Board hearing docket to the evidence of record at the time of the AOJ decision on appeal and evidence submitted by the appellant and his or her

6

representative at the Board hearing or within 90 days following the hearing.[4] On the other hand, the December 2021 JMPR expressly permitted Ms. Bolds to submit new evidence to the Board on remand. R. at 959 ("On remand, Appellant may submit additional argument and evidence . . . ."). Because it is undisputed that the evidence that Ms. Bolds submitted to the Board in January 2022 was not before the RO at the time of its May 2019 decision or submitted to the Board at the January 2021 hearing or within 90 days of that hearing, this case turns on which of these contrary authorities—section 7113(b) and § 20.302(a) or the December 2021 JMPR—controls.

We begin our analysis of this question with the unremarkable observations that the Board is bound by applicable statutes and VA regulations, 38 C.F.R. § 20.105 (2024), and that the Court "may not order the Board to ignore the statutes and regulations that limit the record on appeal," *Andrews*, 34 Vet.App. at 161. But parties, including the Secretary, "are generally permitted to waive the application of statutes intended for their benefit" unless there is a specific prohibition against doing so. *Janssen v. Principi*, 15 Vet.App. 370, 374 (2001); *see Shutte v. Thompson*, 82 U.S. (15 Wall.) 151, 159 (1872) ("A party may waive any provision, either of a contract or of a statute, intended for his benefit.").[5] Indeed, "'absent some affirmative indication of Congress' intent to preclude waiver,'" the Court must "'presume[] that statutory provisions are subject to waiver by voluntary agreement of the parties.'" *Janssen*, 15 Vet.App. at 374 (quoting *United States v. Mezzanatto*, 513 U.S. 196, 201 (1995)). This includes non-jurisdictional claims-processing rules, even mandatory ones, that govern the orderly processing of cases. *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 20 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced, but they may be waived or forfeited."); *see Kontrick v. Ryan*, 540 U.S. 443, 456 (2004); *Hall v. McDonough*, 34 Vet.App. 329, 331-32 (2021); *Percy v. Shinseki*, 23 Vet.App. 37, 45 (2009) (holding that VA may waive a statutory claims-processing rule setting the deadline for filing a Substantive Appeal). But jurisdictional rules cannot be waived. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

---

[4] The Secretary's implementing regulation, § 20.302(a), contains identical limitations.

[5] As the U.S. Court of Appeals for the Federal Circuit recognized in *Mil.-Veterans Advoc. v. Sec'y of Veterans Affs.*, the AMA evidence submission limits were designed, in part, to reduce the inefficiencies and burdens on VA associated with the legacy system's open appellate record. 7 F.4th 1110, 1119 (Fed. Cir. 2021) (citing H.R. Rep. No. 115–135, at 5 ("To help ensure that veterans receive timely appeals decisions in the future . . . [t]he new appeals procedures created by this bill would reduce VA's workload and help ensure that the process is both timely and fair."); and then citing S. Rep. No. 115–126, at 27 ("The proposed changes are intended to significantly streamline the appeal process, which would allow appeals to be finalized in a shorter period of time with fewer employees.")).

The first step, then, in determining whether the Secretary waived the section 7113(b) and § 20.302(a) evidence submission limits in the December 2021 JMPR is to determine whether those limits are properly characterized as claims processing, as opposed to jurisdictional, rules. Section § 20.302(a) is an easy call: As we explained in *Hall*, "regulations are not jurisdictional in nature as only Congress may confer or withdraw jurisdiction. Instead, VA's regulations are akin to claims-processing rules insofar as they govern the processing of cases but do not implicate the agency's jurisdiction." 34 Vet.App. at 333 (citations omitted).

Section 7113(b) is a bit more involved, but our conclusion is the same. Section 7113(b) does not speak in jurisdictional terms or refer in any way to the jurisdiction of the Board. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982). It does not govern the Board's adjudicatory capacity or limit the class of cases that the Board can hear or the persons who can file an appeal. *See Henderson v. Shinseki*, 562 U.S. 428, 435 (2011) ("[A] rule should not be referred to as jurisdictional unless it governs a court's adjudicatory capacity, that is, its subject-matter or personal jurisdiction."); *Kontrick*, 540 U.S. at 455 (defining jurisdictional rules as "prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority"). Rather, as the Secretary acknowledges, section 7113(b) "speak[s] . . . heavily to the evidentiary record" that the Board can review, Oral Argument at 51:30-35, not to the Board's subject matter or personal jurisdiction. *See Hall*, 34 Vet.App. at 331 (noting that claims-processing rules "govern the orderly processing of cases but otherwise do not create or withdraw jurisdiction"). And the placement of section 7113(b) within the statutory scheme confirms this characterization, as the evidence submission rules are not part of section 7104, the statutory provision that expressly prescribes the Board's jurisdiction. *See Henderson*, 562 U.S. at 439-40 (noting that the placement of the statutory time period for filing an appeal to this Court in a separate section from the statute prescribing the Court's jurisdiction indicated that Congress intended the time period not to be jurisdictional).

So, although the Secretary argues that section 7113(b) is substantive and affects the Board's "adjudicatory domain," Oral Argument at 51:35-47, the terms and placement of that provision within the larger statutory scheme reflect that Congress regarded that provision as a claims-processing rule and did not intend for it to carry jurisdictional consequences. *See Henderson*, 562 U.S. at 438-40; *Arbaugh*, 546 U.S. at 515-16 (stating that for a statute to be jurisdictional, there must be a "clear" indication that Congress intended that result). The Court therefore

8

concludes that section 7113(b)'s and § 20.302(a)'s evidence submission limits are claims-processing rules subject to Secretarial waiver. *See Kontrick*, 540 U.S. at 456; *Hall*, 34 Vet.App. at 331-32; *Janssen*, 15 Vet.App. at 374.

Having so decided, we must now determine whether the December 2021 JMPR was a valid waiver of those rules. To waive a procedural right, a party must possess such a right; have knowledge of that right; and intend, voluntarily and freely, to relinquish or surrender that right. *Clark v. O'Rourke*, 30 Vet.App. 92, 97 (2018); *Janssen*, 15 Vet.App. at 374. The first two elements are not in dispute here: Section 7113(b) unequivocally authorizes the Secretary to limit the evidentiary record before the Board for appeals on the hearing docket, and the Secretary knowingly exercises that authority as a matter of course in such appeals through application of § 20.302(a). The Secretary asserts, however, that he did not intend to relinquish his right to restrict the evidentiary record before the Board in this case. But the language of the JMPR proves otherwise.

Significantly, the December 2021 JMPR contains an unqualified and unequivocal statement permitting Ms. Bolds to submit additional evidence to the Board: "On remand, Appellant may submit additional argument and evidence." R. at 959. It's hard to imagine a clearer statement of Secretarial waiver of section 7113(b)'s and § 20.302(a)'s evidence submission limits than that.

But there is more. The JMPR contains other language that reflects the Secretary's intent to keep the evidentiary record open on remand, including that "the Board may seek any additional evidence it deems necessary for a timely resolution of the claim," and that, "[b]efore relying on any additional evidence it develops, the Board shall ensure that Appellant is given notice thereof and an opportunity to respond." R. at 959. If the evidentiary record were closed on remand as the Secretary now contends, it would have been unnecessary and superfluous to include these instructions in the JMPR. Construing these instructions as consistent with Secretarial waiver of section 7113(b)'s and § 20.302(a)'s evidence submission limits, rather than as mere surplusage, results in the better reading of the JMPR. *See Sharp v. United States*, 580 F.3d 1234, 1238 (Fed. Cir. 2009) (noting that the canon against surplusage requires courts to avoid interpretations that result in portions of a text being read as meaningless).

And, finally, if there remained any doubt about whether the Secretary intended to waive section 7113(b)'s and § 20.302(a)'s default evidentiary record rules, the Secretary explicitly cited *Kutscherousky* in the JMPR, R. at 959, indicating that he intended for the Board to apply to this appeal the legacy rule that a claimant was permitted to submit additional evidence to the Board

9

following a Court remand. *See Carter v. Shinseki*, 26 Vet.App. 534, 541 (2014) (stating that the most important goal of joint motions for remand is to provide "clear instructions to the Board as to what it is required to address, and what actions it is required to take, on remand"), *vacated and remanded on other grounds sub nom. Carter v. McDonald*, 794 F.3d 1342 (Fed. Cir. 2015). All of this language, which the Secretary drafted and agreed to in the JMPR, plainly reflects his intent to waive application of section 7113(b) and § 20.302(a) when Ms. Bolds's gynecologic claims were returned to the Board on remand. *See id*. ("Joint motions for remand are inherently different than Court remands . . . because they are negotiated and agreed to by adverse, consenting parties."); *see also Clark*, 30 Vet.App. at 98 (making a waiver determination in the first instance); *Del Rosario v. Peake*, 22 Vet.App. 399, 400-07 (2009) (same).

Although the Secretary maintains that, even if he agreed to the terms of the JMPR, the term allowing Ms. Bolds to submit additional evidence is unenforceable, none of his arguments against waiver are persuasive. First, he relies on the Court's holding in *Andrews* to argue that section 7113(b) and § 20.302(a), like the statutory and regulatory provisions governing appeals on the Board's direct review docket, must be read to foreclose the submission of evidence when an appeal returns to the Board hearing docket after a remand from the Court. Secretary's Br. at 15-18 (citing *Andrews*, 34 Vet.App. at 159 ("Congress decided that the record at the Board for claimants in the direct review docket would be fixed at the time of the AOJ decision . . . . The statutes contain no qualifications to suggest that Congress wanted a different result on remand from this Court."). In addition to the obvious distinction that *Andrews* involved different statutory and regulatory provisions applicable to a different Board review lane, *see id*., *Andrews* did not address whether the Secretary could enter into an agreement that waives the AMA's default evidence submission limits in a particular case. Consequently, *Andrews* does not foreclose our holding today.

Second, the Secretary urges the Court to declare the portions of the December 2021 JMPR that purport to allow the veteran to submit evidence to the Board on remand to be unenforceable as contrary to law. Secretary's Br. at 18-23. But this argument rests on the misapprehension, which we rejected above, that section 7113(b) and § 20.302(a) are not waivable. *See, e.g.*, *Kontrick*, 540 U.S. at 456; *Hall*, 34 Vet.App. at 331-32; *Percy*, 23 Vet.App. at 45; *Janssen*, 15 Vet.App. at 374.

Finally, the Secretary argues that the particular facts of this case—namely, other language in the JMPR and the Board's December 2021 letter to Ms. Bolds following remand from the

10

Court—contravene a finding of waiver. We disagree. Starting with the language of the JMPR, the Secretary highlights two sentences that he asserts disclaim waiver. The first is a declaration that "any statements made [in the JMPR] shall not be construed as statements of policy or the interpretation of any statute, regulation, or policy by the Secretary." R. at 958. However, this statement does not support the Secretary's position because it indicates only that the Secretary did not intend for the JMPR to be broadly construed as a binding statement of policy or interpretation of law in all cases, not that he did not intend to waive the section 7113(b) and § 20.302(a) claims-processing rules in this individual case as reflected in the remainder of the JMPR. His reliance on that language is therefore unavailing.

The second statement cited by the Secretary is an acknowledgement that Ms. Bolds "notes that any statements made [in the JMPR] shall not be construed as a waiver as to any rights or VA duties under the law as to the matters being remanded except the parties' right to appeal the Court's order implementing this JMPR." *Id*. Although this statement on its own may appear to disclaim any Secretarial waiver, it cannot be read in isolation from the rest of the JMPR. *See Unova, Inc. v. Acer, Inc.*, 363 F.3d 1278, 1283 (Fed. Cir. 2004) (interpreting the parties' intent in a settlement agreement by looking to the "agreement, read as a whole"). As explained above, the other relevant provisions of the JMPR—the statement expressly authorizing Ms. Bolds to submit additional evidence to the Board when her appeal returned to the hearing docket following the Court remand, the instructions to the Board to keep the record open and perform any additional development it deemed necessary, and the favorable citation to *Kutscherousky*, R. at 959—indicate that the Secretary intended to waive the evidence submission limits of section 7113(b) and § 20.302(a). *See Carter*, 26 Vet.App. at 541.

Insofar as the disclaimer may suggest otherwise, it must be read, to the greatest extent possible, in a manner consistent with the other provisions of the JMPR. *See NOAA Maryland, LLC v. Adm'r of Gen. Servs. Admin.*, 997 F.3d 1159, 1167 (Fed. Cir. 2021) (favoring an interpretation of a text that rendered all provisions compatible, not contradictory). As Ms. Bolds argues, Reply Br. at 11-12, a harmonious reading of the whole JMPR is possible—by construing the disclaimer as an acknowledgement by the veteran that she was not waiving any of *her* rights or VA's duties to *her* with respect to the remanded claims, we can give meaning to all terms of the JMPR and avoid injecting unnecessary inconsistency into that document. *See NOAA Maryland, LLC*, 997 F.3d at 1166 (explaining that provisions of a legal instrument "should not be construed as

11

being in conflict with one another unless no other reasonable interpretation is possible") (internal quotation omitted). This reading also accords with "the canon of interpretation that the more specific trumps the general," *Beverly v. Nicholson*, 19 Vet.App. 394, 402 (2005), because it allows the Secretary's specific waiver of the evidence submission limits to control over his general disclaimer of waiver of his other rights or duties. But even if that were not the case, we would still be inclined to resolve any ambiguity in this regard (or putative drafting mistake by the Secretary) in Ms. Bolds's favor. *See HPI/GSA 3C, LLC v. Perry*, 364 F.3d 1327, 1334 (Fed. Cir. 2004) (noting the "general rule" that "requires ambiguities in a document to be resolved against the drafter"). In short, we are not convinced that the disclaimer in the December 2021 JMPR defeats a finding of Secretarial waiver.

The same is true of the December 2021 Board letter. Although that letter instructed Ms. Bolds not to submit additional evidence because "the window for evidentiary submission has closed for all review options," R. at 953, the Board was not free to sua sponte reinstate the evidence submission limitations that the Secretary waived in the JMPR. To hold otherwise would be to allow the Board to unilaterally invalidate the terms of the JMPR, which were negotiated and agreed to by the Secretary and Ms. Bolds and which the Court granted in December 2021. *See Forcier*, 19 Vet.App. at 425 ("[T]he Board has a duty under *Stegall* to ensure compliance with the terms of the agreement struck by the parties, which form the basis for the 'remand order' even if they are not incorporated explicitly."). The veteran is entitled to substantial compliance with the terms of the JMPR, and the Secretary must be held to the terms of his bargain. *See Stegall*, 11 Vet.App. at 271 (holding that a remand by this Court confers on the veteran, as a matter of law, the right to compliance with the remand orders and imposes upon the Secretary a concomitant duty to ensure compliance with the terms of the remand, either personally or as the head of the Department); *see also Forcier*, 19 Vet.App. at 425 ("The duty to ensure compliance 'personally' arises when the Secretary agrees to the specific terms of a motion for remand, and, based upon his position as 'the head of the Department,' he can be held accountable for this responsibility."). Because the Board did not abide by the Secretary's waiver in the December 2021 JMPR of section 7113(b)'s and § 20.302(a)'s evidence submission limits, the Court concludes that the Board erred in not ensuring substantial compliance with the terms of that JMPR. *See Donnellan v. Shinseki*, 24 Vet.App. 167, 176 (2010); *Stegall*, 11 Vet.App. at 271.

12

Contrary to the Secretary's contentions, Secretary's Br. at 25-28, the Board's failure to recognize the Secretary's waiver and consider the evidence Ms. Bolds submitted in January 2022 in accordance with the terms of the December 2021 JMPR prejudiced her claims. *See* 38 U.S.C. § 7261(b)(2) (requiring the Court to "take due account of the rule of prejudicial error"). The Secretary essentially asserts that Ms. Bolds was not harmed by the Board's refusal to consider that evidence because she remained free, and in fact did, file a supplemental claim for service connection for the gynecologic conditions currently on appeal and submitted much of that same evidence to the RO in connection with that filing. Secretary's Br. at 27-28; *see* R. at 1146-47 (November 2021 Supplemental Claim), 1142-46 (evidence submitted in support of claim). Although it is true that filing a supplemental claim as to a continuously pursued claim or issue gives a claimant the opportunity to have the AOJ consider evidence that was not previously part of the record while preserving the possibility of an effective date commensurate with the date of the original claim, 38 U.S.C. § 5110(a)(2); 38 C.F.R. § 3.2500(c) (2024), the availability of supplemental claims is not the panacea for all Board procedural errors that the Secretary suggests. Prejudice is established by demonstrating a disruption of the essential fairness of the adjudication, either by showing an error that prevented the claimant from effectively participating in the adjudicative process or that affected or could have affected the outcome of a decision. *Simmons v. Wilkie*, 30 Vet.App. 267, 279 (2018), *aff'd*, 964 F.3d 1381 (Fed. Cir. 2020). That is the case here.

Ms. Bolds negotiated an agreement with the Secretary to remand her gynecologic claims to the Board. R. at 957-61. The Secretary drafted a JMPR that included language allowing Ms. Bolds to submit evidence to the Board on remand, which both parties signed, R. at 960, and which the Court granted in December 2021, R. at 962. Then, in the very same month, the Secretary, through the Board, reneged on that agreement and denied Ms. Bolds the benefit of their duly negotiated bargain.[6] Allowing the Secretary to so flagrantly flout the terms of the JMPR would not only be fundamentally unfair, but it would also deprive Ms. Bolds of a meaningful opportunity to participate in the adjudicatory process free of the evidentiary record limitations that were expressly waived by the Secretary in the JMPR. *See Simmons*, 30 Vet.App. at 279; *see also Cook v. McDonough*, 36 Vet.App. 175, 190 (2023). That is the essence of prejudice.

---

[6] Ms. Bolds argues that the ability for the Board to review new evidence on remand about her gynecologic conditions was critical to her agreement to the JMPR and she would not have entered into the JMPR absent that agreement. Reply Br. at 9.

13

We therefore conclude that Ms. Bolds has carried her burden of demonstrating that she was harmed by the Board's refusal to consider the evidence she submitted to the Board on remand.[7] *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (explaining that "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination"); *see also Bryant v. Wilkie*, 33 Vet.App. 43, 50 (2020) (finding prejudicial error where a veteran identified argument and evidence he would have submitted to the Board given the opportunity). Accordingly, the Court will reverse the Board's finding that it was precluded from considering the evidence that Ms. Bolds submitted to the Board in January 2022, *see Petite v. McDonough*, 35 Vet.App. 64, 73 (2021) (reversing a Board finding that was "based on a misinterpretation of the controlling law"), and remand for the Board to readjudicate the veteran's gynecologic claims in light of that evidence, *see Tucker*, 11 Vet.App. at 374.

## IV. CONCLUSION

Upon consideration of the foregoing, the Board's April 22, 2022, finding that it could not consider the evidence that Ms. Bolds submitted in January 2022 following remand from this Court is REVERSED, the remainder of the Board decision is SET ASIDE, and the matter is REMANDED for readjudication consistent with this decision.

---

[7] Given this conclusion, the Court need not address Ms. Bolds's additional argument regarding potential prejudice related to her agreeing, in the December 2021 JMPR, not to pursue her appeals of denials of benefits for non-gynecologic conditions. *See* Appellant's Br. at 15.

14